**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY PENNINGTON,

        Petitioner–Appellant,

v.

DAVID McKUNE, Warden,

        Respondent–Appellee.

No. 12-3063

(D.C. No. 5:10-CV-03241-JTM)

(D. Kansas)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to

appeal the district court's denial of his § 2254 habeas petition. A Kansas jury convicted

Petitioner of first-degree murder, burglary, and two misdemeanor offenses, and he was

sentenced to life plus twenty-nine months. His conviction and sentence were affirmed on

direct appeal. Petitioner then filed a state petition for post-conviction relief based on

ineffective assistance of counsel. The state district court denied his petition, and the

Kansas Court of Appeals affirmed the denial on appeal.

In his federal habeas petition, Petitioner again alleged he was denied effective

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assistance of counsel because (1) counsel failed to challenge a jailhouse informant's testimony under the Fifth and Sixth Amendments, (2) counsel failed to request a hearing to determine if Petitioner's confession to the jailhouse informant was voluntarily made, and (3) counsel conceded to the jury that Petitioner was guilty of the burglary charge, contrary to his plea of not guilty to that charge. The district court concluded that the state courts had not unreasonably applied Supreme Court precedent in rejecting these claims in the state court proceedings, and the district court accordingly denied the petition for relief under 28 U.S.C. § 2254(d)(1).

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's denial of habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It was not unreasonable for the state courts to deny Petitioner's claims regarding the jailhouse informant's testimony under *Texas v. Cobb*, 532 U.S. 162 (2001) and *Illinois v. Perkins*, 496 U.S. 292 (1990), since Petitioner's confession involved an offense on which he had not yet been charged and was made to a fellow inmate, not a uniformed police officer. Nor was it unreasonable for the state courts to conclude that counsel made a reasonable tactical decision to concede the inevitable on the burglary charge in an attempt to avoid a guilty verdict on the much more serious murder charge. Nothing in Petitioner's application for a certificate of appealability would cause reasonable jurists to debate the district court's denial of habeas relief. Therefore, for substantially the same reasons given by the district court and state courts, we **DENY** Petitioner's request for a certificate of appealability and

**DISMISS** the appeal.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge